HAYES PAWLENKO LLP
MATTHEW B. HAYES (SBN 220639)
mhayes@helpcounsel.com
KYE D. PAWLENKO (SBN 221475)
kpawlenko@helpcounsel.com
595 E. COLORADO BLVD., SUITE 303
PASADENA, CA 91101
(626) 808-4357; FAX (626) 921-4932

Attorneys for Plaintiff:
Bryon Dittman

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bryon Dittman, an individual on behalf of himself and others similarly situated,<br><br>                     Plaintiffs,<br>v.<br><br>MEDICAL SOLUTIONS, L.L.C.; and DOES 1 to 10 inclusive,<br><br>                  Defendants.<br>———————————————— | COLLECTIVE AND CLASS ACTION<br><br>COMPLAINT FOR:<br><br>1. Failure to Pay Overtime Wages (Cal. Labor Code §§ 510, 1194)<br>2. Unfair Business Practices (Cal. Business & Professions Code § 17200, et seq.)<br>3. Waiting Time Penalties (Cal. Labor Code § 203)<br>4. Violations of the Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*)<br><br>AND DEMAND FOR JURY TRIAL |

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff BRYON DITTMAN ("Plaintiff"), on behalf of himself and all others similarly situated, alleges as follows:

## NATURE OF THE ACTION

1.      This is a California-wide class action and nationwide FLSA collective action against MEDICAL SOLUTIONS, L.L.C. ("Medical Solutions") for (1) failing to include the value of housing and meal and incidental benefits in the regular rate of pay when calculating overtime wages and (2) failing to pay all wages owing at the termination of employment.

## JURISDICTION

2.      This Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy in this action exceeds $75,000, exclusive of interests and costs, and because the parties are residents of different states.

3.      This Court also has original federal question jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States.  Specifically, this action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), which authorizes private rights of action to recover damages for violations of the FLSA's wage and hour provisions.

4.      This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367 because they are so related to this action that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

5.      This action may be brought in this judicial district pursuant to 28 U.S.C. § 1391 because Medical Solutions employs putative class members and transacts business in this judicial district and a substantial part of the acts and/or omissions giving rise to the claims occurred in this judicial district.

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## PARTIES

6.     Plaintiff Bryon Dittman is a resident of California who was employed as a non-exempt hourly employee of Medical Solutions in Stockton, California between 2016 and 2017.

7.     Medical Solutions is a Nebraska limited liability company that, at all relevant times, has been engaged in the business of healthcare staffing throughout California and the rest of the United States.

8.     Plaintiff is currently unaware of the true names and capacities of the defendants sued by the fictitious names DOES 1 through 10, inclusive, and, therefore, sue those defendants by fictitious names.  Plaintiff alleges on information and belief that each of the DOE defendants is responsible or liable in some manner for the conduct alleged in the complaint and that Plaintiff's damages as herein alleged were proximately caused by those DOE defendants. Plaintiff will amend this complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

9.     Plaintiff alleges on information and belief that, at all times herein mentioned, each of the defendants was the agent, servant and employee of each of the other defendants, and in connection with the conduct hereinafter alleged, was acting within the scope of such agency and employment, and each defendant ratified each and every act, omission and thing done by each and every other defendant named herein.

10.     Defendants Medical Solutions and DOES 1 through 10 will be referred to hereafter, collectively, as "Defendants."

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11.     Medical Solutions is a staffing company that employs hourly healthcare professionals for short-term travel assignments at healthcare providers throughout the United

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

States.

12.   The terms and conditions of employment between Medical Solutions and their healthcare professionals are governed by a form "Travel Assignment Agreement."

13.   The Travel Assignment Agreement requires healthcare professionals to work a specified "minimum number of hours" per week.

14.   The Travel Assignment Agreement provides for a "meals and incidentals stipend" as well as either a "housing stipend" or company-provided housing.

15.   A healthcare professional's right to receive the full amount of these benefits each week is conditioned upon working the "minimum number of hours" specified in the Travel Assignment Agreement.

16.   If a healthcare professional fails to work the specified "minimum number of hours" required each week, the Travel Assignment Agreement provides for the deduction of "missed shift charges" from all compensation.  The "missed shift charges" consist of an hourly charge-back "for each hour" that the healthcare professional falls below their minimum required hours to "partially cover the costs of housing/subsidy and benefits provided to" that healthcare professional.

17.   Notwithstanding that the housing and meal and incidental benefits are based upon, and vary with, the number of weekly hours worked by healthcare professionals, Medical Solutions does not include the value of these benefits in the healthcare professionals' regular rate of pay for purposes of calculating overtime pay.

18.   Plaintiff's employment with Medical Solutions was governed by Travel Assignment Agreements that provided for housing and meal and incidental benefits, along with hourly "missed shift charges" to "cover the costs of housing/subsidy and benefits" if he failed to

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

4

work the required "minimum number of hours" each week.

19.     During his employment with Medical Solutions, Plaintiff worked in excess of 8 hours per day and 40 hours per week.

20.     Medical Solutions did not include the value of Plaintiff's housing and meal and incidental benefits in his regular rate of pay for purposes of calculating his overtime pay.

## REPRESENTED PARTIES UNDER FLSA COLLECTIVE ACTION

21.     Plaintiff brings the FLSA claim on behalf of himself and all non-exempt hourly employees employed by Medical Solutions in the United States at any time since September 7, 2014 whose employment was governed by a Travel Assignment Agreement that provided for housing and/or meal and incidental benefits and "missed shift charges" (hereafter "FLSA Class").

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings the California state law claims on behalf of himself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23.  Plaintiff seeks to represent a California class composed of the following:

> All non-exempt hourly employees employed by Medical Solutions in California from September 7, 2013 through the date of class certification whose employment was governed by a Travel Assignment Agreement that provided for housing and/or meal and incidental benefits and "missed shift charges."

23.     Plaintiff reserves the right to amend or modify the class descriptions or establish additional subclasses as appropriate.

24.     This action has been brought and may properly be maintained as a class action under Rule 23 because there is a well-defined community of interest in the litigation.

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

### A.  Numerosity

25.    The potential members of the class as defined are so numerous that joinder of all the members of the class is impracticable.  While the precise number of members of the class has not been determined at this time, Plaintiff is informed and believes that the class contains in excess of 100 individuals.

### B.  Commonality

26.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  These common questions include, without limitation, whether Medical Solutions unlawfully excluded remuneration from class members' regular rates of pay for purposes of calculating overtime wages.

### C.    Typicality

27.    The class claims of the proposed class representatives are typical of the claims of each class member.

28.    As with other members of the class, when Plaintiff worked in excess of 8 hours per day or 40 hours per week, Defendants failed to include the value of housing and meal and incidental benefits in his regular rate of pay for purposes of calculating his overtime wages.

### D.    Adequacy of Representation

29.    Plaintiff will fairly and adequately represent and protect the interests of the members of the class.  Counsel who represent Plaintiff are competent and experienced in litigating employment class actions.

### E.    Superiority of Class Action

30.    A class action is superior to other available means for the fair and efficient adjudication of the class claims.  Individual joinder of all class members is not practicable, and

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

questions of law and fact common to the class predominate over any questions affecting only individual members of the class.  Each member of the class has been damaged and is entitled to recover by reason of Defendants' illegal common policies.

31.    Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**FIRST CAUSE OF ACTION**

**CLASS ACTION CLAIM FOR FAILURE TO PAY OVERTIME**

**(LABOR CODE §§ 510, 1194)**

32.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

33.    Labor Code section 510 requires an employer to provide premium overtime pay for all work in excess of 8 hours per day and 40 hours per week.

34.    Labor Code section 1194 entitles an employee receiving less than the legal overtime pay to recover, in a civil action, the unpaid balance of overtime wages owing, plus interest thereon, reasonable attorneys' fees, and costs of suit.

35.    As a result of Defendants' failure to include the value of housing and meal and incidental benefits in employees' regular rates of pay for purposes of calculating overtime pay, Plaintiff and other members of the class were not paid the correct premium overtime rates for all hours worked in excess of 8 hours per day and/or 40 hours per week.

36.    Plaintiff seeks to recover, on behalf of himself and other class members, payment of the overtime owing to them, plus penalties and interest, attorneys' fees and costs, in an amount

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

to be proven at trial.

## SECOND CAUSE OF ACTION

### CLASS ACTION CLAIM FOR UNFAIR BUSINESS PRACTICES

### (BUSINESS & PROFESSIONS CODE § 17200, et seq.)

37.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

38.     A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.

39.     Defendants' failure to pay Plaintiff and other class members the correct premium overtime rates for all hours worked in excess of 8 hours per day and/or 40 hours per week violates Business & Professions Code section 17200, et seq. by virtue of violating Labor Code section 510.

40.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, the other class members, and the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

41.     Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

42.     Pursuant to California Business & Professions Code section 17200, et seq., Plaintiff and other class members are entitled to an accounting for and restitution of the wages unlawfully withheld and retained by Defendants during the class period, an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws,

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

and an award of costs.

## THIRD CAUSE OF ACTION

### CLASS ACTION CLAIM FOR WAITING TIME PENALTIES

### (LABOR CODE §§ 201, 202, 203)

43.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

44.     Labor Code sections 201 and 202 require an employer to promptly pay all wages owing to an employee at the conclusion of employment.

45.     Plaintiff and some other members of the class are no longer employed by Defendants.

46.     Throughout the class period, Plaintiff and other class members who are former employees of Defendants were not timely paid all wages owing at the time of termination of employment because they were not paid the correct overtime rates of pay.

47.     Defendants' failure to pay Plaintiff and other class members who are former employees of Defendants all wages owing, as alleged above, was willful, as Defendants intentionally failed to include the value of housing and meal and incidental benefits in their regular rates of pay for purposes of calculating overtime pay.

48.     Plaintiff and other class members who are former employees of Defendants are therefore entitled to penalties, in an amount to be determined at trial, pursuant to Labor Code section 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

/ / /

/ / /

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## FOURTH CAUSE OF ACTION

## COLLECTIVE ACTION CLAIM FOR VIOLATION OF THE FLSA

## (29 U.S.C. §§ 207, 216)

49.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

50.     At all relevant times, Defendants were an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203 and grossed more than $500,000 in each of the last three calendar years. At all relevant times, Defendants employed healthcare professionals, including Plaintiff and the FLSA Class.

51.     Attached hereto, as Exhibit 1, is Plaintiff's consent to sue pursuant to section 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256.  Other FLSA Class members will likely sign consent to sue forms and join as opt-in plaintiffs on this claim in the future.

52.     The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for all hours worked and overtime at a rate of not less than one and one-half times the regular rater of pay for work performed in excess of forty hours in a workweek.

53.     As alleged above, in violation 29 U.S.C. § 207, Defendants did not include the value of Plaintiffs' and other FLSA Class members' housing and meal and incidental benefits in the regular rate of pay for purposes of calculating overtime when Plaintiffs and other FLSA Class members worked in excess of forty hours in a workweek.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

54.     Plaintiff, on behalf of himself and the FLSA Class, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA, 29

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

55.     Plaintiff, on behalf of himself and the FLSA Class, seeks recovery of their attorneys' fees and costs of action to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

### Class Certification

1.   That this case be certified as a class action with respect to the California state law claims;

2.   That Plaintiff be appointed as the representative of the class; and

3.   That counsel for Plaintiff be appointed as class counsel.

### Collective Action Certification

4.     That the FLSA claim be certified as a collective action and that notice be sent to the FLSA Class providing them notice of the opportunity to join this case pursuant to 29 U.S.C. § 216(b);

### First Cause of Action

5.     That the Court declare, adjudge and decree that Defendants violated Labor Code section 510 by failing to pay Plaintiff and other class members the correct overtime rates for all hours worked in excess of 8 hours per day and/or 40 hours per week;

6.     For unpaid overtime wages and such general and special damages as may be appropriate;

7.     For pre-judgment interest on any unpaid overtime wages owing commencing from the date such amounts were due;

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

8.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to Labor Code section 1194(a); and

9.     For such other and further relief as the Court may deem equitable and appropriate.

**Second Cause of Action**

10.     That the Court declare, adjudge and decree that Defendants violated Business & Professions Code section 17200, et. seq. by failing to pay Plaintiff and other class members the correct premium overtime rates for all hours worked in excess of 8 hours per day and/or 40 hours per week in violation of Labor Code section 510;

11.     For an accounting for and restitution of the wages unlawfully withheld and retained by Defendants during the class period;

12.     Fort reasonable attorneys' fees and costs of suit incurred herein pursuant to Code of Civil Procedure section 1021.5; and

13.     For such other and further relief as the Court may deem equitable and appropriate.

**Third Cause of Action**

14.     That the Court declare, adjudge and decree that Defendants violated Labor Code sections 201, 202 and 203 by willfully failing to pay all wages owed at the time of termination of employment of Plaintiff and other class members who are former employees of Defendants;

15.     For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and all other class members whose employment with Defendants ended on or after September 7, 2014; and

16.     For such other and further relief as the Court may deem equitable and appropriate.

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**Fourth Cause of Action**

17.     That the Court declare, adjudge and decree that Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiff and other members of the FLSA Class the correct overtime rates for all hours worked in excess of 40 hours per week;

18.     For unpaid overtime compensation wages;

19.     For liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b);

20.     For attorneys' fees and costs of suit incurred herein pursuant to 29 U.S.C. § 216(b); and

21.     For such other and further relief as the Court may deem equitable and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of these claims by jury to the extent authorized by law.

DATED:  September 6, 2017                    HAYES PAWLENKO LLP

                                            By:/s/Matthew B. Hayes
                                                Matthew B. Hayes
                                                Kye D. Pawlenko
                                                Attorneys for Plaintiff

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**CONSENT TO SUE UNDER THE FLSA**

I, Bryon Dittman, hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, to secure any unpaid wages, overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Medical Solutions, LLC and other associated parties.

I authorize Hayes Pawlenko LLP, and any associated attorneys as well as any successors or assigns to represent me in such action.


Dated: September 6, 2017             /s/Bryon Dittman

                                        Bryon Dittman

                    (original signature retained by Hayes Pawlenko LLP)

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL