HAYES PAWLENKO LLP
MATTHEW B. HAYES (SBN 220639)
mhayes@helpcounsel.com
KYE D. PAWLENKO (SBN 221475)
kpawlenko@helpcounsel.com
595 E. COLORADO BLVD., SUITE 303
PASADENA, CA 91101
(626) 808-4357; FAX (626) 921-4932

Attorneys for Plaintiff:
Bryon Dittman

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYON DITTMAN, an individual on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MEDICAL SOLUTIONS, L.L.C.; and DOES 1 to 10 inclusive,<br><br>Defendants. | Case No. 2:17-cv-01851-MCE-CKD<br><br><u>COLLECTIVE AND CLASS ACTION</u><br><br>**ORDER ON PLAINTIFF'S MOTION FOR (1) RULE 23 CLASS CERTIFICATION AND (2) CONDITIONAL CERTIFICATION OF AN FLSA COLLECTIVE ACTION**<br><br>Date: August 23, 2018<br>Time: 2:00 p.m.<br>Location: Courtroom 7 |

**ORDER ON PLAINTIFF'S MOTION FOR RULE 23 CLASS AND FLSA COLLECTIVE ACTION CERTIFICATION**

Pending before the Court is Plaintiff Bryon Dittman's ("Plaintiff") motion to (1) certify a California-wide class pursuant to Rule 23 of the Federal Rules of Civil Procedure and (2) conditionally certifying a nationwide Fair Labor Standards Act ("FLSA") collective action pursuant to 29 U.S.C. § 216(b). The Court has considered the arguments and evidence in support of and in opposition to the motion and hereby ORDERS as follows:

Plaintiff's motion to certify a California-wide class pursuant to Rule 23 is GRANTED as follows:

1. With respect to the state Labor Code claim for unpaid overtime (Cal. Labor Code §§ 510, 1194), as well as the derivative state law claims for unlawful business practices (Cal. Bus. & Prof. Code § 17200) and waiting time penalties (Cal. Labor Code § 203), the Court certifies a class consisting of:

   All non-exempt hourly healthcare professionals employed by Medical Solutions who, at any time from September 7, 2013 through the date of certification, worked in California pursuant to a Travel Assignment Agreement during which they received housing and/or meal and incidental benefits, received overtime pay, and had the value of their housing and/or meals and incidental benefits excluded from their regular rate for purposes of calculating overtime pay.

2. The Court appoints Plaintiff as the representative of the certified class; and

3. The Court appoints Hayes Pawlenko LLP, Matthew B. Hayes, and Kye D. Pawlenko as class counsel for the certified class.

Plaintiff's motion for conditional certification of a FLSA collective action is GRANTED as follows:

1. The Court conditionally certifies, for purposes of disseminating notice and setting an opt-in deadline, the following collective action:

   All non-exempt hourly healthcare professionals employed by Medical Solutions in the United States who, at any time within the three years

**ORDER ON PLAINTIFF'S MOTION FOR RULE 23 CLASS AND FLSA COLLECTIVE ACTION CERTIFICATION**

1

preceding certification, worked pursuant to a Travel Assignment Agreement during which they received housing and/or meal and incidental benefits, worked in excess of 40 hours in one or more workweeks, and had the value of their housing and/or meals and incidental benefits excluded from their regular rate for purposes of calculating overtime pay.

However, the Notices provided as Exhibits A and B (ECF Nos. 22-1 and 22-2) to Plaintiff's Motion are not yet approved, and the Court hereby orders that they be MODIFIED to include the following section:

***WILL I OWE TAXES IF PLAINTIFF PREVAILS?***

Possibly. You may wish to consult a tax professional about any potential tax implications raised by this lawsuit. A tax professional can also assess your potential economic benefit or loss that might result if you choose to participate in this lawsuit.

If there is a decision that the per diem allowances in question are "wages" instead of "reimbursements," as Plaintiff asserts in this Lawsuit, there is a possibility that the Internal Revenue Service ("IRS") will no longer permit Medical Solutions to treat the per diems as a tax-free benefit. This is because the per diem allowances will no longer meet "accountable plan" rules under the Internal Revenue Code (See 26 C.F.R. § 1.362-2, 26 U.S.C. § 162). In this situation, all future per diem allowances provided by Medical Solutions will become taxable wages, subject to withholding and employment taxes. Under these circumstances, the IRS might also take the position that all class members are personally liable for all federal and income taxes that were not withheld on any past per diem amounts received. As a result, you may owe the IRS retroactive taxes on any per diem amounts you have previously received from Medical Solutions if you choose to participate in the Lawsuit.

///

///

///

**ORDER ON PLAINTIFF'S MOTION FOR RULE 23 CLASS AND FLSA COLLECTIVE ACTION CERTIFICATION**

2

Not later than ten (10) days following the date this Order is electronically filed, the parties shall file Final Proposed Notices and a proposed order for the Court's signature approving those notices and setting forth the relevant deadlines.

IT IS SO ORDERED.

Dated: October 23, 2018

---
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

**ORDER ON PLAINTIFF'S MOTION FOR RULE 23 CLASS AND FLSA COLLECTIVE ACTION CERTIFICATION**