HAYES PAWLENKO LLP
MATTHEW B. HAYES (SBN 220639)
mhayes@helpcounsel.com
KYE D. PAWLENKO (SBN 221475)
kpawlenko@helpcounsel.com
595 E. COLORADO BLVD., SUITE 303
PASADENA, CA 91101
(626) 808-4357; FAX (626) 921-4932

Attorneys for Plaintiff:
Bryon Dittman

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYON DITTMAN, an individual on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MEDICAL SOLUTIONS, L.L.C.; and DOES 1 to 10 inclusive,<br><br>Defendants. | Case No. 2:17-cv-01851-MCE-CKD<br><br><u>COLLECTIVE AND CLASS ACTION</u><br><br>**ORDER APPROVING FINAL PROPOSED NOTICES AS MODIFIED PER THE COURT'S OCTOBER 23, 2018 ORDER** |

**ORDER APPROVING FINAL PROPOSED NOTICES**

0

On October 23, 2018, the Court Ordered that the Proposed Notices lodged as Exhibits A and B (ECF Nos. 22-1 and 22-2) to Plaintiff's motion for Rule 23 class certification and FLSA conditional certification be modified to include the following section:

**WILL I OWE TAXES IF PLAINTIFF PREVAILS?**

Possibly. You may wish to consult a tax professional about any potential tax implications raised by this lawsuit. A tax professional can also assess your potential economic benefit or loss that might result if you choose to participate in this lawsuit.

If there is a decision that the per diem allowances in question are "wages" instead of "reimbursements," as Plaintiff asserts in this Lawsuit, there is a possibility that the Internal Revenue Service ("IRS") will no longer permit Medical Solutions to treat the per diems as a tax-free benefit. This is because the per diem allowances will no longer meet "accountable plan" rules under the Internal Revenue Code (See 26 C.F.R. § 1.362-2, 26 U.S.C. § 162). In this situation, all future per diem allowances provided by Medical Solutions will become taxable wages, subject to withholding and employment taxes. Under these circumstances, the IRS might also take the position that all class members are personally liable for all federal and income taxes that were not withheld on any past per diem amounts received. As a result, you may owe the IRS retroactive taxes on any per diem amounts you have previously received from Medical Solutions if you choose to participate in the Lawsuit.

*See* ECF No. 39.

In accordance with the Court's Order, on October 26, 2018, Plaintiff lodged Final Proposed Notices (ECF Nos. 40-1 and 40-2) that have been modified to include the above section. Accordingly, the Court hereby Orders as follows:

1. The Final Proposed Notice lodged as ECF No. 40-1 with respect to California employees is APPROVED and shall be disseminated via both regular and electronic mail;

2. The Final Proposed Notice lodged as ECF No. 40-2 with respect to non-California employees is APPROVED and shall be disseminated via both regular and electronic mail;

3. The deadline to opt-out of the certified class and/or opt-in to the collective shall be 95 days from mailing the notices; and

4. Within 21 days of this Order, Defendant shall produce to CPT Group, Inc. the

**ORDER APPROVING FINAL PROPOSED NOTICES**

1

contact information – including the names, last known addresses, and e-mail addresses – for all members of the certified class and collective.

IT IS SO ORDERED.

Dated: November 6, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE