# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

BRYON DITTMAN,

    Plaintiff,

    v.

MEDICAL SOLUTION, L.L.C.,

    Defendant.

No. 2:17-cv-01851-MCE-CKD

**AMENDED ORDER**

On October 24, 2018, this Court issued an order granting Pending before the Court is Plaintiff Bryon Dittman's motion to (1) certify a California-wide class pursuant to Rule 23 of the Federal Rules of Civil Procedure and (2) conditionally certifying a nationwide Fair Labor Standards Act ("FLSA") collective action pursuant to 29 U.S.C. § 216(b). ECF No. 39. By way of that Order, the Court also directed Plaintiff to modify the proposed notices to include certain tax information. Presently before the Court is Plaintiff's Motion for Reconsideratioon of that Order asking that the Court rescind the requirement that tax information be included based on an after-issued case, Baouch v. Werner Enterprises, Inc., 908 F.3d 1107 (8th Cir. 2018). For the following reasons, Plaintiff's Motion (ECF No. 42) is DENIED.[1]

---

[1] Because oral arguments would not have been of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local R. 230(g).

A court should not revisit its own decisions unless extraordinary circumstances show that its prior decision was wrong. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988). This principle is generally embodied in the law of the case doctrine. That doctrine counsels against reopening questions once resolved in ongoing litigation. Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (citing 18 Charles Aland Wright & Arthur R. Miller, Federal Practice and Procedure § 4478). Nonetheless, a court order resolving fewer than all of the claims among all of the parties is "may be revised at any time before the entry of judgment adjudicating all the claims and the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." United States v. Martin, 226 F.3d 1042, 1048-49 (9th Cir. 2000), cert. denied, 532 U.S. 1002 (2001). The major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. Pyramid, 882 F.2d at 369 n.5.

Local Rule 230(j) requires a party filing a motion for reconsideration to show the "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." E.D. Cal. Local Rule 230(j). Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not grounds for relief through reconsideration. See, e.g., Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

A district court may properly deny a motion for reconsideration that simply reiterates an argument already presented by the petitioner. Maraziti v. Thorpe, 52 F.3d 252, 255 (9th Cir. 1995). Finally, reconsideration requests are addressed to the sound discretion of the district court. Turner v. Burlington N. Santa Fe R.R., 338 F.3d 1058, 1063 (9th Cir. 2003).

///

///

1    In this case, although Plaintiff's Motion cites a new case, it rehashes arguments
2    already raised and considered in connection with Plaintiff's prior Motion.  Accordingly,
3    reconsideration would be improper, and Plaintiff's Motion, ECF No. 42, is DENIED.
4         IT IS SO ORDERED.
5    Dated:  January 10, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE