UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYON DITTMAN, | No. 2:17-cv-01851-MCE-CKD |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| MEDICAL SOLUTION, L.L.C., | |
| Defendant. | |

By way of this action, Plaintiff Bryon Dittman ("Plaintiff") seeks to recover for claims that derive from his theory that Defendant Medical Solution, L.L.C., ("Defendant") should have included amounts paid to nurse employees for travel reimbursement ("per diem") in their regular rate of pay for purposes of calculating overtime wages.[1]  Presently before the Court are the parties' cross-Motions for Summary Judgment as to each of Plaintiff's claims: (1) Failure to Pay Overtime Wages in violation of California Labor Code §§ 510, 1194; (2) Unfair Business Practices in violation of California Business and Professions Code § 17200, et seq.; (3) Waiting Time Penalties under California Labor Code § 203; (4) Violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.; and

---

[1] Given this Court's disproportionately high case load, and in the interest of conserving judicial resources and expediting a decision in this case, the Court will not recount details with which the parties are intimately familiar.  To be clear, the Court has considered all evidence and arguments in the record, but it limits its written decision to only that which is necessary to resolve the parties' instant arguments.

(5) Civil Penalties under the Private Attorneys General Act ("PAGA"), California Labor Code § 2698, et seq.  ECF Nos. 50, 51.  For the following reasons, both Motions are GRANTED in part and DENIED in part.[2]

## STANDARD

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment.  See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought.");  see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995).  The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment.  See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact."  Celotex, 477 U.S. at 323.  If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith

---

[2] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  See E.D. Cal. Local R. 230(g).

1   Radio Corp., 475 U.S. 574, 586-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S.

2   253, 288-89 (1968).

3          In attempting to establish the existence or non-existence of a genuine factual

4   dispute, the party must support its assertion by "citing to particular parts of materials in

5   the record, including depositions, documents, electronically stored information,

6   affidavits[,] or declarations . . . or other materials; or showing that the materials cited do

7   not establish the absence or presence of a genuine dispute, or that an adverse party

8   cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The

9   opposing party must demonstrate that the fact in contention is material, i.e., a fact that

10  might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby,

11  Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and

12  Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987). The opposing party must also

13  demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is

14  such that a reasonable jury could return a verdict for the nonmoving party." Anderson,

15  477 U.S. at 248. In other words, the judge needs to answer the preliminary question

16  before the evidence is left to the jury of "not whether there is literally no evidence, but

17  whether there is any upon which a jury could properly proceed to find a verdict for the

18  party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251

19  (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)) (emphasis in original).

20  As the Supreme Court explained, "[w]hen the moving party has carried its burden under

21  Rule [56(a)], its opponent must do more than simply show that there is some

22  metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. Therefore,

23  "[w]here the record taken as a whole could not lead a rational trier of fact to find for the

24  nonmoving party, there is no 'genuine issue for trial.'" Id. at 587.

25          In resolving a summary judgment motion, the evidence of the opposing party is to

26  be believed, and all reasonable inferences that may be drawn from the facts placed

27  before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at

28  255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's

3

1  obligation to produce a factual predicate from which the inference may be drawn.

2  Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd,

3  810 F.2d 898 (9th Cir. 1987).

4

5  **ANALYSIS**

6

7      "Under the FLSA, an employer must pay its employees premium overtime

8  compensation of one and one-half times the regular rate of payment for any hours

9  worked in excess of forty in a seven-day work week." Flores v. City of San Gabriel,

10  824 F.3d 890, 895 (9th Cir. 2016).[3]  "The 'regular rate' is defined as 'all remuneration for

11  employment paid to, or on behalf of, the employee,' subject to a number of exclusions

12  set forth in the Act." Id.  Significantly for purposes of the present matter, the FLSA

13  excludes from the regular rate "reasonable payments for traveling expenses, or other

14  expenses, incurred by an employee in the furtherance of his employer's interests and

15  properly reimbursable by the employer." 29 U.S.C. § 207(e)(2).

16      "The employer bears the burden of establishing that it qualifies for an exemption

17  under the Act." Flores, 824 at 897.  FLSA exemptions are construed fairly as opposed to

18  narrowly. Encino Motorcars, LLC v. Navarro, 138 S. Ct. 1134, 1142 (2018).  Few courts

19  have answered the question raised here (i.e., whether travel per diems that are reduced

20  when employees miss shifts should be included in the calculation of the regular rate),

21  and courts that have addressed the issue have delivered inconsistent decisions.

22  Compare Clarke v. AMN Servs., LLC, No. 16-4132 DSF, 2018 WL 3357467 (C.D. Cal.)

23  (holding that per diem payments that varied with the number of hours worked need not

24  be included in the regular rate) with Junkersfield v. Per Diem Staffing Sys., Inc.,

25  No. 4:18-cv-07795-KAW, 2019 WL 2247768 (N.D. Cal.) (concluding that "reducing the

26

27      [3] The discussion under California law is identical to the Fair Labor Standards Act ("FLSA")
analysis, so only the latter is specifically addressed here.  See Advanced-Tech Sec. Serv., Inc. v. Superior
Court, 163 Cal. App. 4th 700, 707 (2008); Huntington Mem'l Hosp. v. Superior Court, 131 Cal. App. 4th

28  893, 902 (2005).

1  per diem and housing payment based on the number of shifts worked inextricably ties

2  the payments to the hours worked, rendering them part of the employee's regular rate").

3  The Court finds the reasoning in Junkersfield more persuasive and concludes that

4  Plaintiff is entitled to judgment as a matter of law on this issue.  Indeed, "[t]ravelers

5  remain away from home for the entirety of their assignment, and incur costs for food and

6  housing, even if they do not work all scheduled shifts."  Junkersfield, 2018 WL 2247768,

7  *3.  It follows that "reducing the per diem and housing payments based on the number of

8  shifts worked inextricably ties the payments to the hours worked, rendering them part of

9  the employee's regular rate."  Id.; see also Howell v. Advantage RN, LLC,

10  No. 17-cv-00883-JLS (BLM), 2019 WL 3858896, *9 (S.D. Cal.) ("that the per diem is paid

11  weekly and adjusted based on hours or shifts worked makes the per diem function more

12  as remuneration for hours worked than as reimbursement for expenses incurred on

13  behalf of Defendant" and concluding that "there is no apparent nexus between the

14  expenses incurred and the per diem payments").  Plaintiff's Motion is thus GRANTED as

15  to liability on Counts One and Four, and Defendant's competing Motion is DENIED.[4]

16  The parties next dispute whether a two or three-year statute of limitations governs

17  Plaintiff's FLSA claim.  "The Act has a two-year statute of limitations for claims unless

18  the employer's violation was 'willful,' in which case the statute of limitations is extended

19  to three years."  Flores, 824 F.3d at 895.  "A violation is willful if the employer 'knew or

20  showed reckless disregard for the matter of whether its conduct was prohibited by the

21  [FLSA].'"  Id. at 906 (citation omitted).  "An employer need not violate the statute

22  knowingly for its violation to be considered 'willful' under § 255(a), although 'merely

23  negligent' conduct will not suffice."  Id. (internal citations omitted).  "The three-year

24  statute of limitations may be applied where an employer disregarded the very possibility

25  that it was violating the statute, although [a court] will not presume that conduct was

26  willful in the absence of evidence."  Id. (internal quotations and citations omitted).

27

28  [4] The same holds true for the parties' Motions as to Plaintiff's Second and Fifth Causes of Action, which are derivative of the First and Fourth claims.

5

1    The undisputed evidence in the record makes clear that Defendant did not act

2   willfully.  To the contrary, Defendant's interpretation was objectively reasonable and

3   supported by the decision in Clarke.  Although this Court disagrees with that court's

4   ultimate conclusion, on the undisputed facts here, it cannot say Defendant's conduct

5   rises to the level of "willful."[5]  A two-year statute of limitations thus applies.

6    Finally, "[i]n addition to overtime compensation, successful FLSA plaintiffs are

7   entitled to liquidated damages in the amount of the unpaid overtime compensation (i.e.

8   double damages)."  Haro v. City of Los Angeles, 745 F.3d 1249, 1259 (9th Cir. 2014).

9   "Double damages are the norm; single damages are the exception."  Id.  "Liquidated

10   damages are 'mandatory' unless the employer can overcome the "difficult" burden of

11   proving both subjective 'good faith' and objectively 'reasonable grounds' for believing

12   that it was not violating the FLSA."  Id.  Plaintiff of course contends liquidated damages

13   should be awarded here.  In opposition, Defendant argues only that Plaintiff's request is

14   premature because Plaintiff claims to seek summary judgment as to liability only.  But

15   that is precisely what Plaintiff is asking the Court to evaluate—whether Defendant is

16   liable for liquidated damages.  Since Defendant failed to put on any evidence or make

17   any substantive arguments to overcome the difficult burden confronting it, Plaintiff's

18   Motion is GRANTED as to Defendant's liability for liquidated damages.[6]

19   ///

20   ///

21   ///

22   ///

23   ///

24

25    [5] For the same reasons, Plaintiff's derivative waiting penalties claim fails because it too is based
on a finding of willfulness.  See Amaral v. Cintas Corp. No. 2, 163 Cal. App. 4th 1157, 1201 (2008) ("The
26   settled meaning of 'willful,' as used in section 2013, is that an employer has intentionally failed or refused
to perform an act which was required to be done.").  Accordingly, Plaintiff's Motion is DENIED, and
27   Defendant's Motion is GRANTED on this claim as well.

28    [6] Plaintiff has also shown an entitlement to PAGA penalties, and his Motion is thus GRANTED on
this issue.  Amaral, 163 Cal. App. 4th at 1213 (PAGA penalties are mandatory).

1    For the reasons just stated, both Plaintiff's and Defendant's Motions for Summary

2 Judgment (ECF Nos. 50, 51) are GRANTED in part and DENIED in part consistent with

3 the foregoing.

4        IT IS SO ORDERED.

5 Dated:  September 10, 2019

6

7        MORRISON C. ENGLAND, JR
         UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28