UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRYON DITTMAN,

    Plaintiff,

v.

MEDICAL SOLUTION, L.L.C.,

    Defendant.

No. 2:17-cv-01851-MCE-CKD

**MEMORANDUM AND ORDER**

By way of this action, Plaintiff Bryon Dittman ("Plaintiff") seeks to recover for claims that derive from his theory that Defendant Medical Solution, L.L.C., ("Defendant") should have included amounts paid to nurse employees for travel reimbursement ("per diem") in their regular rate of pay for purposes of calculating overtime wages. The Court previously granted, among other things, Plaintiff's Motion for Summary Judgment Motion as to liability on Counts One and Four after observing that:

> Few courts have answered the question raised here (i.e., whether travel per diems that are reduced when employees miss shifts should be included in the calculation of the regular rate), and courts that have addressed the issue have delivered inconsistent decisions. Compare Clarke v. AMN Servs., LLC, No. 16-4132 DSF, 2018 WL 3357467 (C.D. Cal.) (holding that per diem payments that varied with the number of hours worked need not be included in the regular rate) with Junkersfield v. Per Diem Staffing Sys., Inc., No. 4:18-cv-07795-KAW, 2019 WL 2247768 (N.D. Cal.) (concluding that "reducing the per diem and housing payment based on the

1

|   |   |
|---|---|
| 1 | number of shifts worked inextricably ties the payments to the hours worked, rendering them part of the employee's regular rate"). |
| 2 | |

ECF No. 69. Given the split of authority undermining the Court's decision in Plaintiff's favor, Defendant now moves for a Certificate of Appealability certifying the foregoing question identified by this Court for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). ECF No. 71.[1]

Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

This case fits squarely within that section, and Defendant's Motion (ECF No. 71) is thus GRANTED.[2]

IT IS SO ORDERED.

Dated: November 25, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

[2] Given this Court's disproportionately high case load, and in the interest of conserving judicial resources and expediting a decision in this case, the Court will not recount details with which the parties are intimately familiar. To be clear, the Court has considered all evidence and arguments in the record, but it limits its written decision to only that which is necessary to resolve the parties' instant arguments.