1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11    BRYON DITTMAN,                          No.  2:17-cv-01851-MCE-CKD

12             Plaintiff,

13       v.                                   **ORDER**

14    MEDICAL SOLUTION, L.L.C.,

15             Defendant.

16

17        In October 2018, this Court issued an order certifying a California-wide class of

18   individuals pursuant to Federal Rule of Civil Procedure 23 and conditionally certifying a

19   nationwide collective action pursuant to the Fair Labor Standards Act ("FLSA").  ECF No.

20   39.  The Rule 23 class was defined as follows:

> All non-exempt hourly healthcare professionals employed by
> Medical Solutions who, at any time from September 7, 2013
> through the date of certification, worked in California pursuant
> to a Travel Assignment Agreement during which they received
> housing and/or meal and incidental benefits, received overtime
> pay, and had the value of their housing and/or meals and
> incidental benefits excluded from their regular rate for
> purposes of calculating overtime pay.

Id. at 1.  The FLSA collective action similarly consisted of:

> All non-exempt hourly healthcare professionals employed by
> Medical Solutions in the United States who, at any time within
> the three years preceding certification, worked pursuant to a
> Travel Assignment Agreement during which they received

1

1
2
3

> housing and/or meal and incidental benefits, worked in excess of 40 hours in one or more workweeks, and had the value of their housing and/or meals and incidental benefits excluded from their regular rate for purposes of calculating overtime pay.

4   Id. at 1-2.

5   Since then, new facts have come to light that impact the veracity of these

6   definitions.  Accordingly, the parties have filed additional motions regarding certification:

7   (1) Defendant filed a Motion to Decertify the Rule 23 Class and FLSA Collective Action

8   and Strike Plaintiff's PAGA Claim (ECF No. 91); and (2) Plaintiff filed a Motion to Amend

9   Certification Order (ECF No. 93).  According to Defendant, certification is improper

10  because:

11
12
13
14
15
16
17

> (i) plaintiff Dittman cannot represent class members who have signed arbitration agreements that contain a class action waiver, (ii) plaintiff Dittman cannot represent individuals who were uninjured because they were paid as much as or more than they would be owed if the value of the challenged per diems were included in the regular rate for purposes of calculating overtime, (iii) the "function test" announced by the Ninth Circuit in Clarke v. AMN Services, LLC, 987 F.3d 848 (9th Cir. 2021) necessitates individualized inquiries that predominate as to whether each individual class member's per diem payments must be considered wages for purposes of calculating overtime or reimbursements of expenses incurred.

18  ECF No. 91 at 1.  For his part, Plaintiff seeks modification of the certification order to:

19
20
21
22

> (1) appoint Autumn Cobbs as an additional representative of the certified Rule 23 class; and (2) modify the certified Rule 23 class and FLSA collective [action] to exclude any individuals who were paid an overtime rate that was equal to or greater than one and one-half times what their regular rate would have been had the value of their per diem benefits been included.

23  ECF No. 93 at 1.

24  The Court concludes that, as the record stands, certification is not currently

25  proper.  It is not clear to the Court that Ms. Cobbs is an appropriate class representative

26  of employees that entered arbitration agreements containing class waivers.  There is a

27  factual dispute as to whether her arbitration agreement extends to the instant litigation.

28  It also remains unclear how many putative class members actually may have suffered

1    damages under Defendant's overtime policy.  Finally, the Court is not convinced that any

2    individual who entered an arbitration agreement with a class waiver would be able to

3    represent anyone in this action because Defendant would no doubt move to compel

4    arbitration as to any claims raised by such an individual.

5         While that would be enough for the Court to conclude that certification is

6    improper, it is also unclear from the record whether the statutory certification

7    prerequisites have been met given the presence of class members who were not injured

8    by Defendant's challenged practices.  For example, the Court cannot determine whether

9    individual questions regarding damages would predominate over common questions or

10   how many putative class members actually may have suffered the requisite damages.

11        At base, the parties appear to agree that some members of the putative class are

12   bound by arbitration agreements that include class waivers and that a number of the

13   class members suffered no damages such that their claims are adverse to those set

14   forth by the named Plaintiff.  As constituted then, the class should not be certified.  Nor

15   has the Court been convinced that the amendments proffered by Plaintiff will sufficiently

16   rectify the class deficiencies.  Accordingly, Defendant's Motion to Decertify the Rule 23

17   Class and FLSA Collective and Strike Plaintiff's PAGA Claim (ECF No. 91) is GRANTED

18   in part.  Both the Rule 23 Class and FLSA Collective Action are hereby decertified

19   without prejudice to Plaintiff filing a renewed certification motion addressing in detail the

20   prerequisites set forth in Rule 23 and under the FLSA.  The Court declines to strike

21   Plaintiff's PAGA claim at this juncture.  Plaintiff's Motion to Amend Certification Order

22   (ECF No. 93) is DENIED without prejudice as moot.

23        IT IS SO ORDERED.

24   Dated:  July 21, 2022

25

26   MORRISON C. ENGLAND, JR
     SENIOR UNITED STATES DISTRICT JUDGE

27

28

3