UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYON DITTMAN, an individual on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MEDICAL SOLUTIONS, L.L.C.; and DOES 1 to 10 inclusive,<br><br>Defendants. | Case No. 2:17-cv-01851-MCE-CKD<br><br><u>COLLECTIVE AND CLASS ACTION</u><br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**<br><br>Date:       January 12, 2023<br>Time:       10:00 a.m.<br>Location:  Courtroom 7 |

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

0

Plaintiff Bryon Dittman ("Plaintiff"), individually and on behalf of the proposed settlement class and collective, moved the Court for an Order granting preliminary approval of a class and collective action settlement of claims against Defendant Medical Solutions, L.L.C. ("Medical Solutions"). Having carefully considered the motion, its supporting papers, and the arguments of counsel, the Court will **GRANT** the motion. Accordingly, the Court **ORDERS** as follows:

1. The Court preliminarily finds that the terms of the Joint Stipulation and Settlement Agreement ("Settlement") are fair, reasonable, and adequate, and comply with Rule 23(e) of the Federal Rules of Civil Procedure.

2. The following proposed California class ("California Settlement Class") is conditionally certified under Rule 23 for purposes of the Settlement only:

> All non-exempt hourly healthcare professionals employed by Medical Solutions who did not timely opt-out of the previously certified class and, at any time from September 7, 2013 through October 23, 2018, worked in California pursuant to a Travel Assignment Agreement during which they received housing and/or meal and incidental benefits, received overtime pay, and had the value of their housing and/or meal and incidental benefits excluded from their regular rate for purposes of calculating overtime pay.

3. The following proposed Fair Labor Standards Act collective ("FLSA Settlement Collective") is conditional certified under 29 U.S.C. section 216(b) for purposes of the Settlement only:

> All non-exempt hourly healthcare professionals employed by Medical Solutions in the United States who, between October 23, 2015 and October 23, 2018, worked pursuant to a Travel Assignment Agreement during which they received housing and/or meal and incidental benefits, worked in excess of 40 hours in one or more workweeks, had the value of their housing and/or meal and incidental benefits excluded from their regular rate for purposes of calculating overtime, and timely opted-in to

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

1

the FLSA claim following the Court's prior conditional certification of a collective.

4. The Court appoints Plaintiff as the representative of the California Settlement Class and FLSA Settlement Collective.

5. The Court appoints Hayes Pawlenko LLP as class counsel for the California Settlement Class and FLSA Settlement Collective.

6. The proposed manner of the notice of settlement set forth in the Settlement constitutes the best notice practicable under the circumstances and complies with the requirement of due process.

7. The Court approves the form, substance, and requirements of the notice of settlement attached as Exhibit A to the Settlement.

8. The parties shall carry out the notice process according to the terms of the Settlement.

9. The Court appoints CPT Group, Inc. as the settlement administrator and directs the settlement administrator to complete dissemination of the notice of settlement in accordance with the terms of the Settlement

10. A final approval (fairness) hearing is hereby set for April 20, 2023, at 10:00 a.m. to be held via Zoom to consider the fairness, reasonableness, and adequacy of the Settlement as well as the award of attorneys' fees and costs to class counsel and a service award to the class representative.

11. Class counsel shall file the motion for an award of attorneys' fees and costs and service award twenty-one (21) days after the settlement administrator disseminates the notice of settlement.

/ / /

/ / /

/ / /

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

2

12. Class counsel shall file the motion for final approval of the Settlement, along with any objections to the Settlement and any responses thereto, no later than thirty-five (35) days before the final approval (fairness) hearing.

IT IS SO ORDERED.

DATED: December 19, 2022

_____
MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

3