UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYON DITTMAN, an individual on behalf of himself and others similarly situated,<br><br>                   Plaintiffs,<br>v.<br><br>MEDICAL SOLUTIONS, L.L.C.; and DOES 1 to 10 inclusive,<br><br>                   Defendants. | Case No. 2:17-cv-01851-MCE-CKD<br><br><u>COLLECTIVE AND CLASS ACTION</u><br><br>**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**<br><br>Date:     April 20, 2023<br>Time:    10:00 a.m.<br>Location: Courtroom 7 |

**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

0

Presently before this Court is a motion for final approval of a Joint Stipulation and Settlement Agreement ("Settlement") resolving all claims asserted in this class and collective action. The Settlement has been lodged with the Court at Docket No. 112-4.

The lawsuit is brought by Bryon Dittman ("Plaintiff") against Medical Solutions L.L.C. ("Medical Solutions"). The operative First Amended Complaint asserts California state law claims for unpaid overtime (Cal. Labor Code §§ 510, 1194), unfair business practices (Cal. Bus. & Prof. Code § 17200, *et seq.*), waiting time penalties (Cal. Labor Code § 203), and civil penalties under the California Labor Code Private Attorney General Act ("PAGA") (Cal. Labor Code § 2698, *et seq.*), as well as a federal claim for violation of the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201, e*t seq.*).

On October 23, 2018, the Court certified the following Rule 23 class with respect to the state law claims for unpaid overtime, unfair business practices and waiting time penalties:

> All non-exempt hourly healthcare professionals employed by Medical Solutions who, at any time from September 7, 2013 through October 23, 2018, worked in California pursuant to a Travel Assignment Agreement during which they received housing and/or meal and incidental benefits, received overtime pay, and had the value of their housing and/or meals and incidental benefits excluded from their regular rate for purposes of calculating overtime pay (hereafter "Rule 23 Class").

On October 23, 2018, the Court also conditionally certified the following collective with respect to the FLSA claim:

> All non-exempt hourly healthcare professionals employed by Medical Solutions in the United States who, at any time since October 23, 2018, worked pursuant to a Travel Assignment during which they received housing and/or meal and incidental benefits, worked in excess of 40 hours in one or more workweeks, and had the value of their housing and/or meals

**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

1

and incidental benefits excluded from their regular rate for purposes of calculating overtime pay (hereafter "FLSA Collective").

Following certification, a Court-approved third-party administrator disseminated a Court-approved notice to the members of the Rule 23 Class and FLSA Collective providing an opportunity to opt-out of the Rule 23 Class and opt-in to the FLSA Collective. After excluding opt-outs, the Rule 23 Class included 2,770 individuals. In addition, 669 individuals timely opted-in to the FLSA Collective.

On September 11, 2019, the Court issued an Order on the parties' cross-motions for summary judgment, in which the Court granted in part and denied in part each party's motion. The Court granted partial summary judgment in favor of Plaintiff as to Medical Solutions' liability for (1) failing to properly calculate overtime rates in compliance with the California Labor Code and FLSA, (2) PAGA penalties, and (3) liquidated damages under the FLSA. In turn, the Court granted partial summary judgment in favor of Medical Solutions on (1) the waiting time claim and (2) the request for an extended three-year statute of limitations period on the FLSA claim.

On July 21, 2022, the Court issued an Order granting Medical Solution's motion to decertify the Rule 23 Class and FLSA Collective without prejudice to Plaintiff filing a renewed motion to certify the class and collective. Before the members of the Rule 23 Class and FLSA collective were provided notice of the decertification Order, however, the parties reached the present Settlement pursuant to which the parties stipulated to recertification of the previously certified Rule 23 Class and FLSA Collective. Accordingly, the Settlement is on behalf of the 2,770 individuals who did not opt-out of the previously certified Rule 23 Class (hereafter "Rule 23 Settlement Class") and the 669 individuals who affirmatively opted-in to the previously certified FLSA Collective (hereafter "FLSA Settlement Collective").

On December 20, 2022, the Court granted preliminary approval of the Settlement, conditionally certified the Rule 23 Settlement Class and FLSA Settlement Collective, and ordered that notice of the Settlement be disseminated to all members of the class and collective. In accordance with that Order, notice of the Settlement was sent to the members of the Rule 23

**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

Settlement Class and FLSA Settlement Collective.  The Court received no objections to the Settlement.

The present motion for final approval of the Settlement was filed on March 16, 2023, and a motion for attorneys' fees, costs, service award, and settlement administration expenses was filed on February 27, 2023.  A final fairness hearing was held on April 20, 2023.

The Court has now considered all papers, evidence and argument submitted regarding the Settlement.  Based on the foregoing IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Court grants final approval of the Settlement and finds that it is fair, reasonable, and adequate and satisfies the standards for final approval of a class action settlement under federal law.  The parties shall fulfill the terms of the Settlement.

2. The Court confirms certification of the Rule 23 Settlement Class and FLSA Settlement Collective.

3. The members of the Rule 23 Settlement Class shall be deemed to have released the Released Parties from the Class Released Claims as those terms are defined in the Settlement.

4. The members of the FLSA Settlement Collective shall be deemed to have released the Released Parties from FLSA Released Claims as those terms are defined in the Settlement.

5. The notice of the Settlement and notice methodology implemented by the parties following the Order granting preliminary approval of the Settlement (i) was the best practicable notice under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise class and collective members of the pendency of the Settlement, their right to object to the Settlement, and their right to appear at the final fairness hearing; (iii) was due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) complied fully with all applicable law.

**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

6. The Court approves class counsel attorneys' fees in the amount of $1,541,666.66 and reimbursement of litigation expenses in the amount of $37,464.72, which shall be paid in accordance with the terms of the Settlement.

7. The Court approves a class representative service award to Plaintiff in the amount of $10,000, which shall be paid in accordance with the terms of the Settlement.

8. The Court approves settlement administration fees and expenses to CPT Group, Inc. in the amount of $23,250, which shall be paid in accordance with the terms of the Settlement.

9. This document shall constitute final judgment for the purpose of Rule 59 of the Federal Rules of Civil Procedure. Without affecting the finality of this matter, this Court shall retain jurisdiction over this action and the parties for purposes of enforcing the terms and conditions of the Settlement.

10. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: April 28, 2023

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

4